UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN MÁRQUEZ-MARÍN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MERRICK GARLAND, Attorney ) <br> General of the United States, ) <br> ) <br> Defendant. ) | No. 3:16-cv-01706-JAW |

**ORDER ON PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE**

In anticipation of trial, the plaintiff filed a motion in limine seeking to prohibit the parties and counsel from mentioning certain details of a 2005 lawsuit that the plaintiff brought against the defendant, in which the plaintiff asserted a retaliation and discrimination claim against the defendant. The plaintiff was successful on her retaliation claim but lost her discrimination claim. She now asks the Court to allow evidence of her successful retaliation claim but exclude any mention of the losing discrimination claim because it is irrelevant and may confuse the jury. She also seeks to exclude any evidence that the jury did not her award back pay, as well as evidence regarding the amount of damages she was awarded and the amount of attorney's fees her lawyer was awarded. Finally, she makes objections to the defendant's proposed exhibits and asks that the Court take note of the objections.

The Court denies the motion because evidence regarding the 2005 lawsuit is directly relevant to the plaintiff's retaliation claim in this case, and it would be

misleading to allow a jury to hear only the parts of that lawsuit that are favorable to the plaintiff. The Court notes the plaintiff's objections and the defendant's responses to those objections, and will address the objections as they arise at trial.

I.   **PROCEDURAL BACKGROUND**[1]

On April 13, 2016, Carmen Márquez-Marín, an Assistant United States Attorney (AUSA) at the United States Attorney's Office (USAO) for the District of Puerto Rico, filed a complaint against the United States Attorney General, alleging that the United States Department of Justice (DOJ) retaliated against her for her prior Equal Employment Opportunity (EEO) Act activity and created a hostile work environment, failed to provide her with reasonable accommodations for her disability, and discriminated against her due to her disability.[2] *Compl.* (ECF No. 1). On April 18, 2019, the DOJ moved for summary judgment, *Def.'s Mot. for Summ. J.* (ECF No. 92), which, on May 26, 2020, the Court denied in a two hundred twenty-four-page order, *Order on Mot. for Summ. J.* (ECF No. 155). On October 14, 2020, the Court held a pretrial conference, *Min. Entry* (ECF No. 175), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions, *Report of Final Pretrial Conference and Order* (ECF No. 176). Due to the ongoing COVID-19 pandemic, the Court has not yet set a trial date.

On October 8, 2020, AUSA Márquez-Marín filed a motion in limine to prohibit

---

[1]   The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers should refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-202 (ECF No. 155).
[2]   The Court interchangeably refers to the Defendant as the Attorney General, the DOJ, and the USAO as the context requires.

the parties and counsel from mentioning certain facts from her 2005 lawsuit against the DOJ, *Márquez-Marín v. González*, No. 05-cv-1619-SJM, in which she challenged her termination from the USAO the previous year. *Pl.'s Mot. in Lim. to Exclude Irrelevant Evid. and Setting Forth the Basis for Objs. to Exs. Proposed by the Def.* (ECF No. 165) (*Pl.'s Mot.*). On November 5, 2020, the DOJ filed its opposition to AUSA Márquez-Marín's motion. *Def.'s Resp. in Opp'n to Pl.'s Mot. in Lim.* (ECF No. 181) (*Def.'s Opp'n*).

## II.    THE PARTIES' POSITIONS

### A.    Carmen Márquez-Marín's Motion in Limine

AUSA Márquez-Marín moves to exclude certain information about her 2005 lawsuit "on the basis of relevance and also because the mention of these matters at trial may serve to confuse the jury." *Pl.'s Mot.* at 1. AUSA Márquez-Marín first argues the "successful prosecution of her retaliation claim [in the 2005 lawsuit], as well as Judge McAuliffe's Post-Trial Order requiring her reinstatement and the expungement of the dismissal letter, are plainly relevant to the instant case," as is former U.S. Attorney Rosa Emilia Rodríguez's role in the 2005 lawsuit. *Id.* at 2. AUSA Márquez-Marín also says she will establish that former U.S. Attorney Rodríguez was unhappy with the jury verdict and was "even less content to have Ms. Márquez return to the office, and, in fact, was actively resistant to that eventuality." *Id.* She argues that "to understand the *motivations* of the key actors in this case," evidence of her successful retaliation claim is "essential." *Id.* at 3 (emphasis in original).

At the same time, AUSA Márquez-Marín claims that "not all evidence about the earlier case is on an equal footing." *Id.* She asserts that "while it is important for the jury in the case at bar to know that there was a verdict in [her] favor on retaliation, the same *cannot* be said with respect to the jury finding *against* Ms. Márquez's underlying discrimination claim." *Id.* Therefore, "to avoid jury confusion and to prevent its reliance on evidence which has no probative value," AUSA Márquez-Marín argues that counsel and witnesses should be prohibited from mentioning in front of the jury the following items related to the 2005 lawsuit:

1. That the jury in case no. 05-1619 found in the Government's favor on the underlying discrimination claim;
2. That the jury did not award back pay;
3. That plaintiff was awarded "X" amount in damages;
4. That her counsel was awarded "X" amount in attorneys' fees.

*Id.* at 4-5.

She argues that "[e]vidence regarding these four matters has absolutely no bearing on the reasons why Management took certain actions with respect to Carmen Márquez over the years since her reinstatement," and as such, they should be excluded from trial. *Id.* at 5.

AUSA Márquez-Marín next states her objections to the DOJ's proposed exhibits. *Id.* at 6-20. She asks that the Court "take note of the objections . . . with respect to [the DOJ's] proposed exhibits, as well as [her] withdrawal of her objections to a number of exhibits listed as 'identifications' in the September 28, 2020 Proposed Pretrial Order." *Id.* at 21.

B.     **The DOJ's Opposition**

In response, the DOJ argues that "the only relevant evidence regarding Plaintiff's prior lawsuit is that (1) Plaintiff previously brought a lawsuit against Defendant; (2) Plaintiff was reinstated because of that lawsuit; (3) the prior lawsuit is one of Plaintiff's protected activities; and (4) former United States Attorney Rosa Emilia Rodríguez is the only supervisor at the United States Attorney's Office . . . (among the USAO supervisors that Plaintiff now accuses of discrimination and/or retaliation) who was directly involved in the previous case." *Def.'s Opp'n* at 2. The DOJ urges that "[t]he Court should exclude all evidence relating to the prior lawsuit outside these four matters." *Id.*

However, if AUSA Márquez-Marín is allowed to introduce evidence regarding her successful retaliation claim, the DOJ contends that "[p]roviding the jury with only a portion of the verdict would only mislead the jury about the true nature of Plaintiff's previous lawsuit and its outcome." *Id.* If AUSA Márquez-Marín is allowed to argue that former U.S. Attorney Rodríguez was unhappy with the jury's decision and AUSA Márquez-Marín's return to the USAO, then the DOJ argues "the entire decision is relevant, including the government's victory on Plaintiff's discrimination claim, the fact that the jury did not think Plaintiff was entitled to back pay, the minimal amount in damages that Plaintiff received, and that most of the money went to her attorney." *Id.* at 3. In sum, the DOJ "believes that discussing the prior lawsuit beyond the four matters referenced above is confusing, unnecessary, and will be unfair to both parties." *Id.* at 4. It urges that "[e]ither all the information should come in or none of it." *Id.*

The DOJ also submits its responses to AUSA Márquez-Marín's objections to its proposed exhibits. *Id.* at 4-25.

## III. DISCUSSION

### A. Evidence of the 2005 Lawsuit

AUSA Márquez-Marín asks the Court to prohibit any mention of the following: (1) that the jury in the 2005 lawsuit found in the DOJ's favor on the underlying discrimination claim; (2) that the jury did not award back pay; (3) the amount that AUSA Márquez-Marín was awarded in damages; (4) the amount that AUSA Márquez-Marín's counsel was awarded in attorney's fees. *Pl.'s Mot.* at 20-21. The DOJ argues that such a prohibition would "present a distorted interpretation of the previous lawsuit by excluding all the unfavorable results," and contends that the only relevant evidence regarding the 2005 lawsuit is that: (1) AUSA Márquez-Marín previously brought a lawsuit against the DOJ; (2) AUSA Márquez-Marín was reinstated because of that lawsuit; (3) the prior lawsuit is one of AUSA Márquez-Marín's protected activities; and (4) former U.S. Attorney Rodríguez is the only supervisor at the USAO, among the USAO supervisors accused of discrimination and retaliation in this case, who was directly involved in the 2005 lawsuit. *Def.'s Opp'n* at 2.

AUSA Márquez-Marín does not cite any Federal Rule of Evidence in support of her motion in limine. She merely states her request "is made on the basis of relevance and also because the mention of these matters at trial may serve to confuse the jury." *Pl.'s Mot.* at 1.

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal rules.  Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *United States v. Abel*, 469 U.S. 45, 54 (1984).  Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."  FED. R. EVID. 401.  "Relevancy is a very low threshold."  *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021).  "'[T]he evidence need not definitively resolve a key issue in the case,' but rather 'need only move the inquiry forward to some degree.'"  *Id.* (quoting *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)).  In the First Circuit's words, "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'"  *Id.* (citing *Bielunas*, 621 F.3d at 76) (alterations in *Cruz-Ramos*).

Relevant evidence is generally admissible, while "[i]rrelevant evidence is not admissible."  FED. R. EVID. 402.  However, under Federal Rule of Evidence 403, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  FED. R. EVID. 403.

The Court agrees with AUSA Márquez-Marín that evidence of the successful retaliation claim in the 2005 lawsuit and her subsequent reinstatement at the USAO

7

is relevant. In this case, AUSA Márquez-Marín claims that the USAO retaliated and discriminated against her, in part, because she filed and successfully prosecuted a retaliation claim against the USAO, which resulted in her court-ordered reinstatement. The fact that AUSA Márquez-Marín successfully brought a retaliation claim against the DOJ is important context for understanding her allegations concerning her subsequent treatment upon reinstatement at the USAO. The DOJ's attempt to restrict the evidence so narrowly would deprive the jury of this context.

However, once evidence of the successful retaliation claim is before the jury, the Court agrees with the DOJ that evidence regarding AUSA Márquez-Marín's unsuccessful discrimination claim and the jury award and attorney's fees are also relevant. AUSA Márquez-Marín states that she "proposes to establish that Rosa Emilia Rodríguez was not at all happy about the jury decision, *inter alia* because it ran counter to her own testimony," and former U.S. Attorney Rodríguez was "even less content to have Ms. Márquez return to the office, and, in fact, was actively resistant to that eventuality." *Pl.'s Mot.* at 2. Relevant to former U.S. Attorney Rodríguez's reaction to the results of the 2005 lawsuit is the fact that the DOJ won on the discrimination count, the fact that the jury declined to award AUSA Márquez-Marín back pay, the amount of damages AUSA Márquez-Marín was awarded, and how much of the money went to AUSA Márquez-Marín's attorney. Providing an incomplete account of the 2005 lawsuit would only serve to mislead the jury. If the jury was only permitted to hear evidence regarding AUSA Márquez-Marín's victory

8

in the 2005 lawsuit, the jury would have a distorted understanding of the environment at the USAO upon her return. Thus, the Court denies AUSA Márquez-Marín's motion in limine.

### B. AUSA Márquez-Marín's Objections to the DOJ's Proposed Exhibits

AUSA Márquez-Marín submits objections to the DOJ's proposed exhibits and asks that "the Court take note of the objections," as well as the "withdrawal of her objections." *Pl.'s Mot.* at 21. The Court notes AUSA Márquez-Marín's objections and will address them in an evidentiary context as they may arise at trial.

### IV. CONCLUSION

The Court DENIES Carmen Márquez-Marín's Motion in Limine to Exclude Irrelevant Evidence (ECF No. 165).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2021