UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN MÁRQUEZ-MARÍN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MERRICK GARLAND, Attorney )<br>General of the United States, )<br>)<br>Defendant. ) | No. 3:16-cv-01706-JAW |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE DAMAGES FOR LOST COMPENSATION**

In anticipation of trial, the defendant filed a motion in limine seeking to prohibit all proffered evidence relating to the plaintiff's claim that her compensation was improperly set when she returned to work in 2008, following her successful 2005 lawsuit against the defendant. The defendant contends that such a claim is barred by the terms of a settlement agreement the parties signed in July 2010. The Court denies the motion because evidence relating to her salary discrimination in 2008 is relevant and is not barred by the 2010 settlement agreement.

**I.   PROCEDURAL BACKGROUND**[1]

On April 13, 2016, Carmen Márquez-Marín, an Assistant United States Attorney (AUSA) at the United States Attorney's Office (USAO) for the District of

---

[1]   The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers should refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-202 (ECF No. 155).

Puerto Rico, filed a complaint against the United States Attorney General, alleging that the United States Department of Justice (DOJ) retaliated against her for her prior Equal Employment Opportunity (EEO) Act activity and created a hostile work environment, failed to provide her with reasonable accommodations for her disability, and discriminated against her due to her disability.[2]  *Compl.* (ECF No. 1). On April 18, 2019, the DOJ moved for summary judgment, *Def.'s Mot. for Summ. J.* (ECF No. 92), which, on May 26, 2020, the Court denied in a two hundred twenty-four-page order, *Order on Mot. for Summ. J.* (ECF No. 155). On October 14, 2020, the Court held a pretrial conference, *Min. Entry* (ECF No. 175), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions, *Report of Final Pretrial Conference and Order* (ECF No. 176). Due to the ongoing COVID-19 pandemic, the Court has not yet set a trial date.

On October 13, 2020, the DOJ filed a motion in limine to disallow all proffered evidence relating to AUSA Márquez-Marín's claim that her compensation was improperly set when she returned to work in 2008 following her successful 2005 lawsuit against the DOJ, *Márquez-Marín v. Holder*, No. 05-cv-1619-SJM, in which she challenged her termination from the USAO, because that claim is barred by a 2010 settlement agreement. *Def.'s Mot. in Lim. to Exclude Damages for Lost Compensation* (ECF No. 168) (*Def.'s Mot.*); *see id.*, Attach. 1, *Stipulation of Compromise Settlement and Release* (*2010 Settlement Agreement*). On November 5, 2020, AUSA Márquez-Marín filed her opposition to the DOJ's motion. *Pl.'s Omnibus*

---

[2]   The Court interchangeably refers to the Defendant as the Attorney General, the DOJ, and the USAO as the context requires.

*Opp'n to Four of the Five Mots. in Lim. Presented by Def.* (ECF No. 177) (*Pl.'s Opp'n*). On November 12, 2020, the DOJ replied to AUSA Márquez-Marín's opposition. *Def.'s Reply in Supp. of Four of His Mots. in Lim.* (ECF No. 190) (*Def.'s Reply*).

## II.   THE PARTIES' POSITIONS

### A.   The DOJ's Motion in Limine

The DOJ moves the Court for an order "disallow[ing] all proffered evidence and argument relating to and in support of Márquez's claim that her compensation was improperly set when she returned to work in 2008" because that claim "is barred by the terms of the settlement agreement between the parties signed in July 2010." *Def.'s Mot.* at 1. The DOJ contends that AUSA Márquez-Marín, while represented by a lawyer, signed a settlement agreement that released all claims she had up to that point "'in or in connection with [her prior lawsuit],' including but not limited to those related to reinstatement, wages, salary, and benefits." *Id.* at 2. Given the release in the settlement agreement, the DOJ argues that "any evidence or testimony regarding the notion that Márquez's compensation was improperly set when she was returned to the USAO in 2008 is inadmissible under" Federal Rules of Evidence 401 and 403. *Id.* at 2-3. The DOJ asserts that AUSA Márquez-Marín appears to be claiming that, following the 2010 Settlement Agreement, USAO managers failed to set her compensation appropriately, but "[t]o the extent . . . that such arguments rely on the notion that Márquez's compensation was improperly set in March 2008, any damages associated with those arguments are waived as well." *Id.* at 3.

### B.   Carmen Márquez-Marín's Opposition

3

In response, AUSA Márquez-Marín asserts five arguments. First, she argues that "while plaintiff agrees that the setting of Ms. Márquez's salary in March of 2008 is not a cognizable *claim* at this juncture, this is not the case for subsequent salary discrepancies." *Pl.'s Opp'n* at 5 (emphasis in original). Second, she argues that "the Ledbetter Act provides that cognizable issues on salary reach back two years from the beginning of the initial limitations period." *Id.* Third, she contends that "it was not until discovery in the instant case that the plaintiff became aware of the salary discrimination between her and her co-workers, private information which the Government sought to keep confidential." *Id.* at 6. Fourth, she asserts that the DOJ "has mis-characterized the extent of plaintiff's waiver by virtue of the 2010 settlement . . . as well as those 'arising directly or indirectly from any act or omission that gave rise to [that] action,' rather than salary-related claims arising years later." *Id.* Fifth, she argues that "the evidence regarding the salary discrimination in 2008 is plainly admissible as background evidence to place the current discrimination and retaliation in proper context." *Id.*

C.   **The DOJ's Reply**

The DOJ clarifies that it "is not contending that the settlement agreement that the parties signed in July 2010 precludes Plaintiff from complaining about her compensation for periods subsequent to the settlement agreement," but rather, "it is Defendant's contention that if Plaintiff raises those complaints, she should not be allowed to argue that her compensation was improperly set starting March 2008

(upon her return to the United States Attorney's Office), as Plaintiff waived her right to any such argument when she signed the settlement agreement." *Def.'s Reply* at 1.

The DOJ then makes two points. First, it argues AUSA Márquez-Marín "signed a settlement agreement that clearly waives her right to pursue the claims she now seeks to make, and the First Circuit has routinely upheld such settlement agreements to bar claims seeking to recover for pre-settlement conduct." *Id.* at 2 (footnote omitted) (citing *Galera v. Johanns*, 612 F.3d 8, 13 (1st Cir. 2010)). Second, it contends that AUSA Márquez-Marín should not be allowed to include the improper setting of her salary in 2008 as "background evidence" because "such a position is completely contrary to the spirit of the settlement agreement, which sought to give both parties a sense of repose and finality with respect to outstanding claims as of the date of settlement, 'whether [those claims were] known or unknown, foreseen or unforeseen.'" *Id.* at 2-3.

### III. DISCUSSION

The DOJ asks the Court to prohibit "all proffered evidence and argument relating to and in support of Márquez's claim that her compensation was improperly set when she returned to work in 2008." *Def.'s Mot.* at 1. The DOJ argues that given the release in the 2010 Settlement Agreement, "any evidence or testimony regarding the notion that Márquez's compensation was improperly set when she was returned to the USAO in 2008 is inadmissible under" Federal Rules of Evidence 401 and 403. *Id.* at 2-3.

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *United States v. Abel*, 469 U.S. 45, 54 (1984). Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevancy is a very low threshold." *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021). "'[T]he evidence need not definitively resolve a key issue in the case,' but rather 'need only move the inquiry forward to some degree.'" *Id.* (citing *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)). In the First Circuit's words, "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'" *Id.* (citing *Bielunas*, 621 F.3d at 76) (alterations in *Cruz-Ramos*).

Relevant evidence is generally admissible, while "[i]rrelevant evidence is not admissible." FED. R. EVID. 402. However, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

In July 2010, AUSA Márquez-Marín and the DOJ entered into a settlement agreement in the 2005 lawsuit, *Márquez-Marín v. Holder*, No. 05-cv-1619-SJM. Paragraph One of the 2010 Settlement Agreement states that AUSA Márquez-Marín

6

and the DOJ settle all claims "in or related to the [2005 lawsuit] or arising directly or indirectly from any act or omission that gave rise to [the 2005 lawsuit] under the terms and conditions set forth in this Stipulation for Compromise Settlement Release." *2010 Settlement Agreement* ¶ 1. Paragraph Four of the 2010 Settlement Agreement recites the rights that AUSA Márquez-Marín forfeited as a result of the settlement:

> In exchange for the above, plaintiff and her heirs, executors, administrators, or assigns hereby agree to accept the terms and payment agreed to herein in full settlement and satisfaction of any and all actions, claims, demands, rights, and causes of action of whatsoever kind and nature, whether known or unknown, foreseen or unforeseen, which plaintiff and her heirs, executors, administrators, or assigns may have against defendant Attorney General or against the United States Department of Justice, its agents, servants, and employees, in or in connection with the above-captioned lawsuit or any claims raised in the action, including but not limited to any claims for reinstatement, wages, salary, benefits, contributions, credits, fees, attorney's fees, costs, interest, and any obligation of any nature whatsoever which may be owed to plaintiff or to plaintiff's attorneys in or in connection with the action or the claims raised.

*Id.* ¶ 4.

The agreement is plainly restricted to claims "in or in connection with the [2005] lawsuit or any claims raised in the action." *2010 Settlement Agreement* ¶ 4. The DOJ admits that the 2010 Settlement Agreement does not preclude AUSA Márquez-Marín from complaining about her compensation for periods subsequent to the agreement, *Def.'s Reply* at 1, and AUSA Márquez-Marín "certainly agrees with [the DOJ] that she is not in this lawsuit claiming any damages for salary discrimination in the early years of her reinstatement to the office," *Pl.'s Opp'n* at 10. Nonetheless, the DOJ maintains that AUSA Márquez-Marín "should not be allowed

7

to argue that her compensation was improperly set starting March 2008." *Def.'s Reply* at 1.

The Court concludes that evidence that the salary discrimination started upon AUSA Márquez-Marín's reinstatement in 2008 is relevant and not barred by the 2010 Settlement Agreement. The DOJ misconstrues the scope of the agreement. AUSA Márquez-Marín alleges that after her victory in the 2005 lawsuit and subsequent court-ordered reinstatement at the USAO in 2008, she was underpaid. Although AUSA Márquez-Marín is likely barred from recovering on salary discrimination from before the 2010 Settlement Agreement, evidence that the discrimination started upon her 2008 reinstatement is relevant background evidence to understand the context of the ongoing discrimination. The 2010 Settlement Agreement bars AUSA Márquez-Marín's claims arising before the settlement agreement but it does not require exclusion of relevant evidence of discrimination from before 2010.

The DOJ's citation of *Galera v. Johanns*, 612 F.3d 8 (1st Cir. 2010) is unavailing. In *Galera*, the First Circuit upheld the district court's grant of summary judgment for defendants in a discrimination case because the alleged retaliatory conduct extended only until November 2003, and "[b]ecause this conduct occurred prior to the effective date of the [settlement agreement], July 14, 2004, . . . Galera's claims are barred." *Id.* at 14. Unlike the plaintiff in *Galera*, however, AUSA Márquez-Marín alleges that the discriminatory conduct is ongoing, and she is not seeking to recover for discrimination that took place before the 2010 Settlement Agreement. Evidence that the salary discrimination began in 2008 is relevant

context for her ongoing salary discrimination claim, even though she cannot pursue a legal remedy for the pre-settlement discrimination. Thus, the Court denies the DOJ's motion in limine.

## IV. CONCLUSION

The Court DENIES the United States Attorney General's Motion in Limine to Exclude Damages for Lost Compensation (ECF No. 168).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2021