UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN MÁRQUEZ-MARÍN, ) <br> ) <br>      Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MERRICK GARLAND, Attorney ) <br> General of the United States, ) <br> ) <br>      Defendant. ) | No. 3:16-cv-01706-JAW |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE, ARGUMENT, OR COMMENT REGARDING EVENTS THAT WERE NOT RAISED BEFORE THE AGENCY, NOT RAISED IN PLAINTIFF'S COMPLAINT, AND NOT ADDRESSED IN DISCOVERY**

In anticipation of trial, the defendant filed a motion in limine seeking to exclude evidence of an alleged retaliatory incident that took place in 2020 because it was not raised in the plaintiff's Equal Employment Opportunity (EEO) complaint, was not raised in her complaint in this case, and was not addressed in discovery. While the plaintiff is under a continuing obligation to supplement her discovery pursuant to Federal Rule of Civil Procedure 26(e), the Court denies the motion because the Court cannot evaluate the significance of the failure to supplement.

**I.     PROCEDURAL BACKGROUND**[1]

On April 13, 2016, Carmen Márquez-Marín, an Assistant United States

---

[1]     The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order.  For an exhaustive account of the factual allegations, readers should refer to the Court's summary judgment order.  *See Order on Mot. for Summ. J.* at 4-202 (ECF No. 155).

Attorney (AUSA) at the United States Attorney's Office (USAO) for the District of Puerto Rico, filed a complaint against the United States Attorney General, alleging that the United States Department of Justice (DOJ) retaliated against her for her prior Equal Employment Opportunity (EEO) Act activity and created a hostile work environment, failed to provide her with reasonable accommodations for her disability, and discriminated against her due to her disability.[2]  *Compl.* (ECF No. 1).  On April 18, 2019, the DOJ moved for summary judgment, *Def.'s Mot. for Summ. J.* (ECF No. 92), which, on May 26, 2020, the Court denied in a two hundred twenty-four-page order, *Order on Mot. for Summ. J.* (ECF No. 155).  On October 14, 2020, the Court held a pretrial conference, *Min. Entry* (ECF No. 175), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions, *Report of Final Pretrial Conference and Order* (ECF No. 176).  Due to the ongoing COVID-19 pandemic, the Court has not yet set a trial date.

On October 13, 2020, the DOJ filed a motion in limine to disallow evidence that management at the United States Attorney's Office (USAO) tried to prevent AUSA Márquez-Marín from participating in the Executive Office of the United States Attorney's (EOUSA) 2020 Evaluation and Review Staff (EARS) evaluation of the USAO in Puerto Rico, referred to by the parties as the "2020 EARS evaluation," because the incident was not included in AUSA Márquez-Marín's EEO complaint or her judicial complaint in this case, and was not addressed in discovery.  *Def.'s Mot. in Lim. To Exclude Evid., Argument, or Comment Regarding Events that Were Not*

---

[2]      The Court interchangeably refers to the Defendant as the Attorney General, the DOJ, and the USAO as the context requires.

*Raised Before the Agency, Not Raised in Pl.'s Compl, and Not Addressed in Disc.* (ECF No. 169) (*Def.'s Mot.*). On November 5, 2020, AUSA Márquez-Marín filed her opposition to the DOJ's motion. *Pl.'s Omnibus Opp'n to Four of the Five Mots. in Lim. Presented by Def.* (ECF No. 177) (*Pl.'s Opp'n*). On November 12, 2020, the DOJ replied to AUSA Márquez-Marín's opposition. *Def.'s Reply in Supp. of Four of His Mots. in Lim.* (ECF No. 190) (*Def.'s Reply*).

## II.   THE PARTIES' POSITIONS

### A.   The DOJ's Motion in Limine

The DOJ moves the Court for an order prohibiting AUSA Márquez-Marín from introducing evidence, arguing, or commenting on all matters not raised during the EEO process, not raised in the complaint, and not addressed in discovery. *DOJ's Mot.* at 1. Specifically, the DOJ seeks to exclude any mention of an incident in which management at the USAO allegedly refused to allow AUSA Márquez-Marín to participate in the 2020 EARS evaluation at the USAO in Puerto Rico. *Id.* The DOJ first tries to distinguish *Clockedile v. New Hampshire Department of Corrections*, 245 F.3d 1 (1st Cir. 2001), by arguing *Clockedile* clarified that "ostensibly unexhausted matters need to be raised in the plaintiff's judicial complaint (or amended versions of the complaint), such that they can be subject to the discovery process." *Id.* at 2. The DOJ contends that "while the First Circuit was amenable to allowing plaintiffs in narrow circumstances to plead in their complaints certain matters that were not first presented to an agency – *e.g.*, where the 'retaliation is for filing the agency complaint itself' – the court did not give plaintiffs the unfettered right to raise countless new

3

incidents at any point during the litigation." *Id.* "Should Márquez be allowed to raise [the 2020 EARS evaluation] at trial," the DOJ argues that "the agency would be deprived of a chance to resolve this issue between the parties, and the parties would also be forced to use the trial process to prove this issue in depth, at the cost of dragging out the trial for an extensive period of time." *Id.* at 3.

The DOJ next argues that a potential alternative, "reopening of discovery at this late stage," is "hardly tenable either." *Id.* It claims it would be "irreparably prejudiced by Márquez's invocation of new matters at this late stage." *Id.*

Finally, the DOJ asserts that "*Clockedile* has been held inapplicable where the alleged subsequent retaliatory incidents (*i.e.*, incidents not raised before the agency) stem not from the plaintiff's filing of an EEO charge that is the basis of a pending lawsuit but from other protected activity." *Id.* Therefore, the DOJ urges that AUSA Márquez-Marín's cannot invoke *Clockedile* to assert claims that "stemmed not from her filing of the EEO charges that were the basis of this lawsuit but from her earlier trial victory." *Id.* at 4.

**B.    Carmen Márquez-Marín's Opposition**

In response, AUSA Márquez-Marín first points to the extensive discovery in this case and argues that "there have been no surprises in the context of this litigation." *Pl.'s Opp'n* at 11. She then claims that she "could *not* have mentioned the 2020 EARS evaluation in the early days of this litigation, in 2016 and 2017, when the Government was insisting on plaintiff's parsing out, one by one, each and every incident in her claims of retaliatory actions and a hostile environment." *Id.* at 11-

4

12 (emphasis in original). Citing *Clockedile*, she contends that "events occurring *after* the 2014 and 2015 EEO complaints can be addressed in the upcoming trial." *Id.* at 12 (emphasis in original). Finally, she clarifies that "[w]hile it is true that she relates the retaliatory actions to her earlier lawsuit, she *also* has always connected the adverse situations and hostile environment she has faced at the Office to her *ongoing* EEO-related activity." *Id.* (emphasis in original). In sum, "[b]alancing the equities in this case," she urges that "this evidence should be allowed at trial." *Id.* at 14.

### C.    The DOJ's Reply

The DOJ argues that AUSA Márquez-Marín "fails to confront the arguments and authority that [the DOJ] provided in [its] motion as to why the Court should bar discussion of events that were not raised before the agency, not raised in [AUSA Márquez-Marín's] complaint, and not addressed in discovery – events such as the 2020 EARS evaluation." *Def.'s Reply* at 3. The DOJ then clarifies that while the 2020 EARS evaluation is the only incident AUSA Márquez-Marín raised in the Joint Pretrial Order that was not raised before the agency, not raised in the complaint, and not addressed in discovery, "to the extent that [AUSA Márquez-Marín] raises other such issues at trial, the Court should bar those issues as well for the same reason." *Id.* at 3-4.

## III.   DISCUSSION

On September 28, 2020, AUSA Márquez-Marín disclosed the 2020 EARS evaluation for the first time in the Proposed Pretrial Order. *Proposed Pretrial Order* (ECF No. 164). In the section of the Proposed Pretrial Order titled "Factual

Statement of Each Party's Claim or Defense, Including Itemized Statement of Any Damages Claimed," AUSA Márquez-Marín states that "in a recent EARS evaluation, Management tried strenuously to keep Ms. Márquez away from the EARS evaluation team, allowing her to be interviewed only upon the intervention of undersigned counsel." *Id.* at 9. In the section of the order titled "Brief Statement of Each Party's Contentions with Respect to Controverted Material Facts, Contested Issues of Law, Evidentiary Questions, and Supporting Authority," AUSA Márquez-Marín asserts that "certain events which occurred *after* Ms. Márquez's two EEO complaints, can come in not only as evidence, but also as potential bases for adjudication of liability and damages," and lists "the refusal to have Ms. Márquez interviewed for the 'EARS' evaluation," as such an event. *Id.* at 12-13 (emphasis in original). Finally, AUSA Márquez-Marín poses the question, "Why did *two* EARS teams initially refuse to interview Carmen Márquez, with one of them finally agreeing to do so only after the intervention by Ms. Márquez's attorney?" and she answers, "The evidence will show that it was because Management intervened and avoided Ms. Márquez providing testimony which would show wrongdoing on the part of Management." *Id.* at 23 (emphasis in original).

The DOJ asks the Court to prohibit evidence of the 2020 EARS evaluation because it was not raised during the EEO process, was not raised in AUSA Márquez-Marín's complaint, and was not the subject of discovery between the parties. *Def.'s Mot.* at 1. AUSA Márquez-Marín contends that the evidence is admissible under *Clockedile*.

6

### A.   Administrative Exhaustion and the *Clockedile* Exception

"Judicial recourse under Title VII . . . is not a remedy of first resort." *Morales-Vallellanes v. Potter*, 339 F.3d 9, 18 (1st Cir. 2003). Title VII contains an exhaustion requirement that requires an employee to file an administrative charge with the Equal Employment Opportunity Commission (EEOC) as a prerequisite to commencing a civil action for employment discrimination. *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009); *see* 42 U.S.C. § 2000e-5(f). "The purpose of that requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." *Gonzalez-Rodriguez v. Potter*, 605 F. Supp. 2d 349, 361 (D.P.R. 2009). "The scope of the civil complaint is accordingly limited to the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." *Fantini*, 557 F.3d at 26-27 (quoting *Powers v. Grinnell Corp.*, 915 F.2d 34, 37 (1st Cir. 1990)) (alterations omitted).

In *Clockedile v. New Hampshire Department of Corrections*, 245 F.3d 1 (1st Cir. 2001), the First Circuit provided a narrow exception to the administrative exhaustion requirement. In December 1995, the plaintiff filed a sexual harassment charge with the EEOC, charging her manager with sexual harassment. *Id.* at 2. In January 1996, her employer, the Department of Corrections, found insufficient evidence to determine that the claims alleged in plaintiff's internal complaint were true. *Id.* The plaintiff later said that between January 1996 and February 1997, the Department retaliated against her for filing the EEO complaint. *Id.* The plaintiff received a right-to-sue letter from the EEOC and brought suit in federal district court

charging sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964. *Id.* at 3. Following a jury trial, the district court set aside the jury award because the plaintiff had not alleged retaliation by the Department in her EEO complaint. *Id.* On appeal, the First Circuit considered a "recurrent problem": "whether (or to what extent) a lawsuit following a discrimination complaint can include a claim of retaliation not made to the agency." *Id.* at 4.

The First Circuit reversed the district court and pronounced a new rule: "retaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency—*e.g.*, the retaliation is for filing the agency complaint itself." *Id.* at 6. The First Circuit justified its decision in policy terms, reasoning that "[r]etaliation uniquely chills remedies; and by retaliating against an initial administrative charge, the employer discourages the employee from adding a new claim of retaliation." *Id.* at 5.

This Court agrees with AUSA Márquez-Marín that the 2020 EARS evaluation falls within the *Clockedile* exception. AUSA Márquez-Marín filed her EEO complaints in 2014 and 2015, and filed her judicial complaint in 2016. The 2020 EARS evaluation is obviously a later event that she could not have included in her EEO complaints. The DOJ argues that AUSA Márquez-Marín complains of retaliation based solely on her trial victory and court ordered reinstatement in a 2005 lawsuit, but AUSA Márquez-Marín clarifies that "[w]hile it is true that she relates the retaliatory actions to her earlier lawsuit, she *also* has always connected the adverse situations and hostile environment she has faced at the Office to her *ongoing*

8

EEO-related activity." *Pl.'s Opp'n* at 12 (emphasis in original); *see Compl.* at 17-19. Because the 2020 EARS evaluation is "reasonably related to and grows out of" the filing of her EEO complaints, the Court concludes that evidence regarding the 2020 EARS evaluation is not barred for failure to exhaust. *Clockedile*, 245 F.3d at 6.

### B. Failure to Supplement Discovery

AUSA Márquez-Marín, however, has another problem besides the exhaustion requirement. Federal Rule of Civil Procedure 26(e) imposes a continuing obligation to supplement a party's responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1). "This supplementation requirement increases the quality and fairness of trial by narrowing the issues and eliminating surprise." *Licciardi v. TIG Ins. Grp.*, 140 F.3d 357, 363 (1st Cir. 1998) (citation and alterations omitted). "When the duty to supplement is violated, the Court has discretion to exclude the evidence." *Rivera-Marrero v. Presbyterian Cmty. Hosp.*, 255 F. Supp. 3d 290, 296 (D.P.R. 2017); *see* FED. R. CIV. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless.").

It is fundamental that a litigant must continue to obey Rule 26(e)'s obligation to supplement. AUSA Márquez-Marín's first mention of the 2020 EARS evaluation was in the September 28, 2020, Proposed Pretrial Order. Although the discovery

period had closed, AUSA Márquez-Marín should have supplemented her discovery responses so that the DOJ could decide how to proceed in light of the new factual allegation.

That being said, the Court will not exclude the evidence at this time for several reasons. First, the Court does not know when the 2020 EARS evaluation took place, and thus the Court cannot evaluate the significance of the failure to supplement. For example, if the incident took place in January 2020 and AUSA Márquez-Marín's first disclosure was on September 28, 2020, then her delay in disclosure may be unreasonable, but if the incident took place in early September 2020, then the delay of a couple weeks would be reasonable. Second, the DOJ has not shown how it was prejudiced by AUSA Márquez-Marín's purportedly untimely disclosure. Even if AUSA Márquez-Marín supplemented discovery immediately after the incident occurred (which she may have done), the DOJ would not be in any better position than it is today—it would still have to reopen discovery, redepose AUSA Márquez-Marín, and interview witnesses. Finally, the EOUSA conducted the 2020 EARS evaluation and its evaluation involved the USAO in Puerto Rico, so presumably the DOJ would have been aware of the incident and access to its own involved witnesses. Thus, this is not a classic trial by ambush situation.

As the Court is not excluding the EARS evaluation evidence, there is still no record evidence that AUSA Márquez-Marín has even yet supplemented discovery. Therefore, the Court ORDERS AUSA Márquez-Marín to supplement discovery on the 2020 EARS evaluation within two weeks of the date of this Order. If after this

supplement the DOJ concludes that it must take further discovery, the DOJ may file an appropriate motion for discovery with the Court, setting forth the nature of the proposed discovery and the need for it. The Court would consider allowing the DOJ to file a brief set of interrogatories and requests for production to AUSA Márquez-Marín, restricted to the 2020 EARS evaluation. If the DOJ is allowed to reopen discovery on this narrow issue, the Court will allow AUSA Márquez-Marín to do the same. If the DOJ elects not to reinitiate discovery and AUSA Márquez-Marín wishes to do so on the same topic, she would be required to move for it and the DOJ would be allowed to engage in similar discovery. Specifically, if the parties wish to reopen depositions on this narrow issue, they must move the Court for permission to do so after completing any written discovery.

## IV.   CONCLUSION

The Court DENIES the United States Attorney General's Motion in Limine to Exclude Evidence, Argument, or Comment Regarding Events that Were Not Raised Before the Agency, Not Raised in Plaintiff's Complaint, and Not Addressed in Discovery (ECF No. 169).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2021