UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN MÁRQUEZ-MARÍN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:16-cv-01706-JAW ) |
| MERRICK GARLAND, Attorney General of the United States, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER ON DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER EMPLOYEES' ALLEGATIONS OF DISCRIMINATION OR RETALIATION**

In anticipation of trial, the defendant filed a motion in limine seeking to prohibit all evidence of other employees' allegations of discrimination or retaliation because such evidence is irrelevant, hearsay, and may confuse the jury. The Court dismisses the motion without prejudice because whether the evidence is irrelevant or hearsay depends on the evidentiary context at trial.

**I.  PROCEDURAL BACKGROUND**[1]

On April 13, 2016, Carmen Márquez-Marín, an Assistant United States Attorney (AUSA) at the United States Attorney's Office (USAO) for the District of Puerto Rico, filed a complaint against the United States Attorney General, alleging that the United States Department of Justice (DOJ) retaliated against her for her

---

[1] The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers should refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-202 (ECF No. 155).

prior Equal Employment Opportunity (EEO) Act activity and created a hostile work environment, failed to provide her with reasonable accommodations for her disability, and discriminated against her due to her disability.[2] *Compl.* (ECF No. 1). On April 18, 2019, the DOJ moved for summary judgment, *Def.'s Mot. for Summ. J.* (ECF No. 92), which, on May 26, 2020, the Court denied in a two hundred twenty-four-page order, *Order on Mot. for Summ. J.* (ECF No. 155). On October 14, 2020, the Court held a pretrial conference, *Min. Entry* (ECF No. 175), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions, *Report of Final Pretrial Conference and Order* (ECF No. 176). Due to the ongoing COVID-19 pandemic, the Court has not yet set a trial date.

On October 13, 2020, the DOJ filed a motion in limine to disallow all evidence of other employees' allegations of discrimination or retaliation because such evidence is irrelevant, hearsay, and may confuse the jury. *Def.'s Mot. in Lim. to Exclude Evid. of Other Employees' Allegations of Discrimination or Retaliation* (ECF No. 170) (*Def.'s Mot.*). On November 5, 2020, AUSA Márquez-Marín filed her opposition to the DOJ's motion. *Pl.'s Omnibus Opp'n to Four of the Five Mots. in Lim. Presented by Def.* (ECF No. 177) (*Pl.'s Opp'n*). On November 12, 2020, the DOJ replied to AUSA Márquez-Marín's opposition. *Def.'s Reply in Supp. of Four of His Mots. in Lim.* (ECF No. 190) (*Def.'s Reply*).

## II.   THE PARTIES' POSITIONS

### A.   The DOJ's Motion in Limine

---

[2]   The Court interchangeably refers to the Defendant as the Attorney General, the DOJ, and the USAO as the context requires.

The DOJ moves "to preclude all testimony, argument, and mention of discrimination or retaliation (and resulting claims and lawsuits) allegedly experienced by any current or former employee of the [USAO for the District of Puerto Rico], other than Plaintiff Carmen Márquez-Marín," which the DOJ refers to as "me too" evidence. *Def.'s Mot.* at 1. The DOJ contends that such evidence is "irrelevant and, if admitted, would cause danger of unfair prejudice to Defendant, mislead the jury, cause confusion of the issues, and result in undue delay." *Id.*

The DOJ first argues that "evidence about the EEO claims of others is hearsay and should be excluded." *Id.* at 3. It asserts that to the extent AUSA Márquez-Marín seeks to testify about the EEO claims of others, "her testimony should be excluded because she does not have personal knowledge of the matters of others, and any knowledge she does have, she acquired through hearsay." *Id.*

The DOJ next claims that "evidence about the EEO claims of others is not relevant and should otherwise be excluded under Rule 403." *Id.* at 4. It argues that evidence of other employees' retaliation and discrimination claims is not relevant to AUSA Márquez-Marín's claims, and "[e]ven if there was some probative value to the proffered evidence, the Court should exclude it under Rule 403 as unfairly prejudicial, misleading, confusing, and misleading to the jury, and inevitably causing undue delay requiring several mini trials within this trial." *Id.* It explains that if AUSA Márquez-Marín is allowed to present "me too" evidence, then it must be allowed to rebut the evidence, resulting in "several mini-trials within the trial, which is precisely why courts are typically reluctant to admit testimony from witnesses who have no

3

first-hand knowledge of the case, and whose sole purpose is to talk about their own discrimination claims." *Id.* at 6. Finally, it states that with respect to AUSA Márquez-Marín's disability discrimination claim, neither of the two employees AUSA Márquez-Marín identified as witnesses are proper comparators, and therefore their testimony should be excluded. *Id.* at 7.

Lastly, the DOJ argues that "jury instructions will not mitigate the prejudicial effects of 'me too' evidence." *Id.* It urges that "[a]ttempting to instruct the jury on how to properly consider and parse out the evidence is not an effective solution." *Id.* at 7-8.

### B. Carmen Márquez-Marín's Opposition

In response, AUSA Márquez-Marín first addresses the DOJ's argument that the other employees are not proper "comparators," clarifying that she "*never* has asserted a theory of relevance regarding their EEO complaints based on comparative treatment with respect to disability discrimination." *Pl.'s Opp'n* at 15 (emphasis in original).

AUSA Márquez-Marín next argues that the DOJ is referring to her proffered evidence "completely out of context." *Id.* She explains that relevancy and hearsay determinations depend on the context of the testimony and the purpose for which the evidence is being submitted. *Id.* "For example, a key inquiry in this case is whether Management ramped up its hostility to Carmen Márquez when it became aware that the plaintiff was assisting other employees with respect to EEO matters," and "[f]or this purpose, it is entirely *irrelevant* whether the particular employee she was

counseling . . . was *actually* the victim of retaliation or not." *Id.* at 15-16 (emphasis in original). She says there is no need for the Court to conduct "mini-trials" because "the evidence will focus on what Management knew regarding EEO activity (whether or not the underlying complaints were true) and how Management reacted." *Id.* at 16. She urges that "Motions in Limine should not be used to substitute for evidentiary objections at trial," and "[t]he matters which the Government requests exclusion in its Motion in Limine at Docket No. 170 are plainly best left for trial." *Id.* at 19. Finally, she asserts that "even if this evidence is subject to Rule 403's protections against undue prejudice, plaintiff observes the limiting instructions are a tried-and-true mechanism for assuring that a jury understands the purpose for which relevant evidence is being submitted." *Id.* at 19-20.

### C. The DOJ's Reply

The DOJ replies to three of AUSA Márquez-Marín's arguments. First, in response to AUSA Márquez-Marín's claim that USAO managers became hostile towards her after they discovered she was helping other employees with their EEO claims, the DOJ asserts that "[t]he question here is not *whether* Plaintiff should be allowed to introduce evidence that supports her argument, but *what* evidence Plaintiff should be allowed to introduce." *Def.'s Reply* at 4 (emphasis in original). It asserts that the evidence should be "strictly limited" to certain purposes, and argues that AUSA Márquez-Marín "should not be allowed to delve into the details of the EEO claims or let her witnesses stray into the detail of their own cases" because "[t]here

is no probative value in such details and any that exists is substantially outweighed by the unfair prejudice it would cause Defendant." *Id.* at 4-5.

Regarding AUSA Márquez-Marín's argument that former United States Attorney (USA) Rosa Emilia Rodríguez was openly hostile towards EEO claimants in meetings, the DOJ argues that "[o]nce again, the question here is not *whether* plaintiff should be allowed to introduce evidence that supports her argument, but *what* evidence Plaintiff should be allowed to introduce." *Id.* at 5-6 (emphasis in original). The DOJ has no objection to AUSA Márquez-Marín asking another employee what former USA Rodríguez said during management meetings the employee attended "to the extent the statements clearly and directly implicated Plaintiff's EEO claims," but it contends that AUSA Márquez-Marín "has failed to show . . . how details, underlying facts, or the outcome of other employees' EEO claims tend to prove Plaintiff's argument that USA Rodríguez was openly hostile to EEO claimants, and particularly to her." *Id.* at 6.

Lastly, the DOJ addresses AUSA Márquez-Marín's argument that the demotion of another employee is relevant to her retaliation claim. *Id.* It urges that AUSA Márquez-Marín's argument "not only fails to make sense, it also fails to establish how the details, underlying facts, settlement, or anything else pertaining to [the other employee's] EEO claim is relevant to her own EEO claim that USAO managers retaliated against *her*." *Id.* (emphasis in original).

## III. DISCUSSION

The DOJ asks the Court to prohibit "all testimony, argument, and mention of discrimination or retaliation (and resulting claims and lawsuits) allegedly experienced by any current or former employees of the [USAO for the District of Puerto Rico], other than [AUSA Márquez-Marín]." *Def.'s Mot.* at 1. Specifically, the DOJ is concerned with the testimony of former USAO employees Francisco Reyes-Caparrós and Nelson Pérez-Sosa, who each filed EEO complaints and Title VII complaints against the United States Attorney General alleging retaliation. *Id.* at 1-3; *see Proposed Pretrial Order* at 69-70 (ECF No 164). The DOJ argues that pursuant to Federal Rules of Evidence 401, 402, 403, and 802, the other employees should not be allowed to testify about their own EEO activity or the EEO activity of others, and AUSA Márquez-Marín should not be permitted to testify about the EEO activity of other USAO employees. *Id.* at 1.

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *United States v. Abel*, 469 U.S. 45, 54 (1984). Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevancy is a very low threshold." *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021). "'[T]he evidence need not definitively resolve a key issue in the case,' but rather 'need only move the inquiry forward to some degree.'" *Id.*

7

(citing *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)). In the First Circuit's words, "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'" *Id.* (citing *Bielunas*, 621 F.3d at 76) (alterations in *Cruz-Ramos*).

Relevant evidence is generally admissible, while "[i]rrelevant evidence is not admissible." FED. R. EVID. 402. However, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

Federal Rule of Evidence 802 prohibits the admission of hearsay. Hearsay is an "out-of-court statement offered 'in evidence to prove the truth of the matter asserted in the statement.'" *United States v. Fígaro-Benjamín*, 394 F. Supp. 3d 191, 195 (D.P.R. 2019) (quoting FED. R. CIV. P. 801(c)). "[A]n out-of-court statement is not hearsay if it is relevant regardless of its truth (say, to show state of mind)." *Ira Green, Inc. v. Military Sales & Serv. Co.*, 775 F.3d 12, 19 (1st Cir. 2014).

AUSA Márquez-Marín and the DOJ agree that evidence about other employees' EEO claims may be admissible depending on its purpose. *See Def's Reply* at 5 ("The question here is not *whether* Plaintiff should be allowed to introduce evidence that supports her argument, but *what* evidence Plaintiff should be allowed to introduce") (emphasis in original). For example, the Court agrees with AUSA Márquez-Marín that evidence regarding Francisco Reyes-Caparrós' retaliation claim is relevant and is not hearsay if she is using the evidence to show that USAO

management retaliated against her for assisting Mr. Reyes-Caparrós with his EEO efforts because it supports her retaliation claim and is not being used to prove the truth of the matter asserted. However, testimony by AUSA Márquez-Marín relitigating Mr. Reyes-Caparrós' retaliation claim could be irrelevant and hearsay.

In *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379 (2008), the United States Supreme Court considered an evidentiary challenge in an Age Discrimination in Employment Act (ADEA) case regarding testimony by five other non-party employees who claimed their supervisors discriminated against them because of age. *Id.* at 380. The *Mendelsohn* Court concluded that "Rules 401 and 403 do not make such evidence *per se* admissible or *per se* inadmissible." *Id.* at 388. The *Mendelsohn* Court described the Rule 403 analysis as a "fact-intensive, context-specific inquiry" and noted that "[t]he question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Id.*

This Court similarly concludes that whether evidence of other employees' retaliation claims is admissible is a fact-intensive, context-specific inquiry best considered at trial, where admissibility will turn on the evidence's purpose and context. Therefore, the Court dismisses without prejudice the DOJ's motion in limine.

## IV. CONCLUSION

The Court DISMISSES without prejudice the United States Attorney General's Motion in Limine to Exclude Evidence of Other Employees' Allegations of Discrimination or Retaliation (ECF No. 170).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2021