UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN MÁRQUEZ-MARÍN,  )<br> )<br>   Plaintiff,   )<br> )<br>v.          )<br> )<br>MERRICK GARLAND, Attorney )<br>General of the United States, )<br> )<br>   Defendant.  )  | No. 3:16-cv-01706-JAW |

**ORDER ON DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EXPERT OPINION**

In anticipation of trial, the defendant filed a motion in limine seeking to prohibit the plaintiff from testifying that the alleged discrimination and retaliation caused or exacerbated her physical ailments because such testimony is inadmissible expert opinion. The Court dismisses without prejudice the motion because whether the evidence is admissible lay opinion or inadmissible expert opinion depends on the plaintiff's testimony at trial, and the Court will accordingly entertain any objections as they arise at trial.

I.  **PROCEDURAL BACKGROUND**[1]

On April 13, 2016, Carmen Márquez-Marín, an Assistant United States Attorney (AUSA) at the United States Attorney's Office (USAO) for the District of

---

[1] The Court assumes familiarity with the factual background of this case, and thus recites only the relevant procedural history in this order. For an exhaustive account of the factual allegations, readers should refer to the Court's summary judgment order. *See Order on Mot. for Summ. J.* at 4-202 (ECF No. 155).

Puerto Rico, filed a complaint against the United States Attorney General, alleging that the United States Department of Justice (DOJ) retaliated against her for her prior Equal Employment Opportunity (EEO) Act activity and created a hostile work environment, failed to provide her with reasonable accommodations for her disability, and discriminated against her due to her disability.[2]  *Compl.* (ECF No. 1).  On April 18, 2019, the DOJ moved for summary judgment, *Def.'s Mot. for Summ. J.* (ECF No. 92), which, on May 26, 2020, the Court denied in a two hundred twenty-four-page order, *Order on Mot. for Summ. J.* (ECF No. 155).  On October 14, 2020, the Court held a pretrial conference, *Min. Entry* (ECF No. 175), and the next day, the Court issued a final pretrial order, setting the deadlines for pretrial motions, *Report of Final Pretrial Conference and Order* (ECF No. 176).  Due to the ongoing COVID-19 pandemic, the Court has not yet set a trial date.

On October 13, 2020, the DOJ filed a motion in limine to disallow any testimony by AUSA Márquez-Marín regarding whether the alleged discrimination and retaliation caused or exacerbated her physical conditions because such testimony is expert opinion that is inadmissible under Federal Rule of Evidence 701.  *Def.'s Mot. in Lim. to Exclude Expert Op.* (ECF No. 171) (*Def.'s Mot.*).  On November 5, 2020, AUSA Márquez-Marín filed her opposition to the DOJ's motion.  *Pl.'s Omnibus Opp'n to Four of the Five Mots. in Lim. Presented by Def.* (ECF No. 177) (*Pl.'s Opp'n*).  On November 12, 2020, the DOJ replied to AUSA Márquez-Marín's opposition.  *Def.'s*

---

[2] The Court interchangeably refers to the Defendant as the Attorney General, the DOJ, and the USAO as the context requires.

*Reply in Supp. of Four of His Mots. in Lim.* (ECF No. 190) (*Def.'s Reply*).

## II.     THE PARTIES' POSITIONS

### A.     The DOJ's Motion in Limine

The DOJ moves "to exclude Plaintiff's expert opinion as evidence at the trial." *Def.'s Mot.* at 1.  It contends that "any testimony regarding whether the alleged discrimination and retaliation exacerbated her physical conditions is inadmissible under Fed. R. Evid. 701." *Id.*  It asserts that such testimony is "specialized scientific knowledge" that she is not qualified to testify about. *Id.* at 3.

The DOJ further moves "to exclude testimony regarding the symptoms and effect of Plaintiff's medical conditions because the probative value of such testimony is outweighed by unfair prejudice to the Defendant." *Id.* at 4.  It claims that "[t]estimony regarding the symptoms and effects of Plaintiff's medical conditions would only help prove whether she is disabled," and "[b]ecause the parties agree that she is/was disabled, such testimony is unnecessary." *Id.*

### B.     Carmen Márquez-Marín's Opposition

In response, AUSA Márquez-Marín explains that her testimony will be "typical damage testimony," not expert opinion. *Pl.'s Opp'n* at 20.  She contends that she does not need expert testimony to describe "her medical conditions and how they affected her . . . , as well as the restrictions placed on her work activity by her treating physicians, what she informed Management at the workplace about those restrictions, and similar matters testified to every day in any number of courts." *Id.*

Finally, she asserts that "a plaintiff in a damage action can testify . . . how she felt when certain events occurred." *Id.* at 21.

### C. The DOJ's Reply

The DOJ briefly replies to clarify that it "is not claiming that Plaintiff's testimony about how she feels is expert testimony." *Def.'s Reply* at 6. Rather, it "is merely saying that Plaintiff cannot testify as to causation." *Id.* It argues that "Plaintiff has not provided any argument or law that allows the Plaintiff to testify to causation without expert testimony." *Id.*

### III. DISCUSSION

The DOJ asks the Court to prohibit AUSA Márquez-Marín from testifying about the cause of her medical conditions. The DOJ argues that such evidence is expert opinion that is inadmissible under Federal Rule of Evidence 701 and is unfairly prejudicial under Federal Rule of Evidence 403. *Def.'s Mot.* at 1, 4.

Federal Rule of Evidence 701 provides that lay witnesses may testify in the form of an opinion only if their testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. The third requirement was added by amendment in 2000 and "was intended to 'eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.'" *United States v. Valdivia*, 680 F.3d 33, 50 (1st Cir. 2012) (quoting FED. R. EVID. 701, Advisory

4

Committee's notes on the 2000 amendments). The First Circuit has noted that "the line between expert testimony under Fed. R. Evid. 702 and lay opinion testimony under Fed. R. Evid. 701 is not easy to draw." *United States v. Ayala-Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005) (quoting *United States v. Colón Osorio*, 360 F.3d 48, 52-53 (1st Cir. 2004)) (alterations omitted). Indeed, "[t]here is no bright-line rule to separate lay opinion from expert witness testimony." *United States v. Hilario-Hilario*, 529 F.3d 65, 72 (1st Cir. 2008). Nonetheless, the advisory committee has tried to provide guidance, explaining that "the distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" FED. R. EVID. 701, Advisory Committee's notes on the 2000 amendments (quoting *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)).

Whether AUSA Márquez-Marín's testimony as to her physical conditions is inadmissible expert testimony depends on the scope of her testimony. In her opposition brief, AUSA Márquez-Marín states that her testimony "will describe her medical conditions and how they affected her (eg: fatigue, body pains, etc.), as well as the restrictions placed on her work activity by her treating physicians, what she informed Management at the workplace about those restrictions, and similar matters testified to every day in any number of courts." *Pl.'s Opp'n* at 20. The Court agrees that this is acceptable lay testimony, and the DOJ does not suggest otherwise. *See Def.'s Reply* at 6 ("Defendant is not claiming that Plaintiff's testimony about how she feels is expert testimony").

In the Proposed Pretrial Order, however, AUSA Márquez-Marín suggests that the scope of her testimony is broader than simply a description of how she feels. In a section of the order entitled "Brief Statement of Each Party's Contentions with Respect to Controverted Material Facts, Contested Issues of Law, Evidentiary Questions, and Supporting Authority," AUSA Márquez-Marín says that the following question is a factual dispute: "Did the actions by management and the stress caused thereby adversely affect plaintiff's health and/or contribute to the cause of Ms. Márquez's major ailments, including her cancer diagnoses and her shoulder impingement?" *Proposed Pretrial Order* at 20 (ECF No. 164).

Whether the actions by the USAO caused AUSA Márquez-Marín stress does not require expert testimony. *See United States v. Zajanckauskas*, 441 F.3d 32, 39 (1st Cir. 2006) ("Expert testimony does not assist where the trier of fact has no need for an opinion because it easily can be derived from common sense, common experience, the trier of fact's own perceptions, or simple logic.") (citations and alterations omitted); *see also Ziehm v. RadioShack Corp.*, Civil No. 09-69-P-S, 2010 U.S. Dist. LEXIS 136782, at *17 (D. Me. May 22, 2010), *aff'd*, 2010 U.S. Dist. LEXIS 65929 (D. Me. July 1, 2010) ("While a layperson is not competent to diagnose the cause of his symptoms, it is within the realm of ordinary experience, and thus need not be established by expert testimony, that harassment can cause stress") (internal citations omitted).

However, evidence that the stress caused or exacerbated AUSA Márquez-Marín's cancer, shoulder injury, and other ailments does require expert testimony.

"Expert testimony usually is necessary to establish a causal connection between an injury and its source 'unless the connection is a kind that would be obvious to laymen, such as a broken leg from being struck by an automobile.'" *Simpson v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 957 F. Supp. 136, 138 (N.D. Ill. 1997) (quoting *Schmaltz v. Norfolk & W. Ry. Co.*, 896 F. Supp. 180, 182 (N.D. Ill. 1995)); *see Tufariello v. Long Island R.R. Co.*, 458 F.3d 80, 88-89 (2d Cir. 2006) (concluding that plaintiff did not need expert testimony to establish a causal link between "hearing loss and repeated exposure to noise so loud that it causes physical pain or ear-ringing" because it is "widely known and . . . not the subject of scientific dispute").  Unlike a broken leg caused by an automobile accident or loss of hearing caused by loud noises, it is not obvious to laymen that stress from work can exacerbate an employee's cancer or shoulder injury.  AUSA Márquez-Marín does not claim to be a medical expert.  Thus, to the extent AUSA Márquez-Marín's testimony as to causation relies on scientific, technical, or other specialized knowledge, such testimony would be inadmissible expert opinion.  *See Felkins v. City of Lakewood*, 774 F.3d 647, 652 (10th Cir. 2014) (concluding that plaintiff's declarations are "admissible insofar as they describe her injuries and symptoms, such as pain and difficulties walking, standing, and lifting," but are "inadmissible . . . insofar as they diagnose her condition . . . or state how that condition causes limitations on major life activities").

Ultimately, whether AUSA Márquez-Marín's testimony regarding her physical conditions is admissible depends on the scope of her testimony.  Therefore, until AUSA Márquez-Marín testifies regarding the nature of the injuries she suffered and

the extent of the causal leap between symptoms and causation becomes clear, the Court cannot determine whether her testimony is permissible lay opinion or inadmissible expert opinion. Similarly, the Court will be in a better position to determine any unfair prejudice at trial. Thus, the Court dismisses without prejudice the DOJ's motion but notes that the DOJ may reassert its objection at trial.

## IV. CONCLUSION

The Court DISMISSES without prejudice the United States Attorney General's Motion in Limine to Exclude Expert Opinion (ECF No. 171).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2021